# Case No. 8,540.

## LOUISIANA PAPER CO. v. WAPLES.

[3 Woods, 34.][1]

Circuit Court, D. Louisiana. April Term, 1877.

CORPORATIONS—STOCK NOT FULLY PAID UP—GENERAL CORPORATION LAW—ASSESSMENTS—LIABILITY TO CREDITORS.

The general law under which a corporation was organized declared: "No stockholder shall ever be held liable or responsible for the contracts or faults of such corporation in any further sum than the unpaid balance due to the company on the shares owned by him." The charter of the company prescribed in what installments forty per cent of the stock should be paid, and then declared: "The balance on each share, or any portion of such balance, shall not be called for unless with the assent of three-fourths of the stockholders, and then only to increase the business of the company." *Held*, that after payment by a

---

[2] The supreme court has since upheld the attachment in that case. 18 Wall. [85 U. S.] 272.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

stockholder of forty per cent of his stock, he was not liable to the company, or its creditors, for the residue or any part thereof, unless the same had been called for by a vote of three-fourths of the stockholders.

[Error to the district court of the United States for the district of Louisiana.]

The action was brought in the district court by the trustees in bankruptcy of the Louisiana Paper Manufacturing Company, to recover of the defendant [Rufus Waples], who was a stockholder in the company, a balance alleged to be due and unpaid on his subscription of stock. [Case unreported.] The company was established under a general law of this state (Rev. St. p. 183) which provided for the organization of corporations for works of public improvement, manufacturing and other purposes, by the adoption of a charter by the stockholders, and which directed that every charter should contain, among other things, the name of the corporation, its domicile, a description of the business which it proposed to carry on, a statement of the amount of the capital stock, the number of shares, the amount of each share, and the time when and the manner in which payment on stock subscribed should be made. The law also provided that the charter of corporations organized under it should be recorded in the office of the recorder of mortgages and published in a newspaper at the domicile of the corporation, once a week for at least thirty days. The statute also declared: "No stockholder shall ever be held liable or responsible for the contracts or faults of such corporation in any further sum than the unpaid balance due to the company on the shares owned by him." The third section of the charter of the Louisiana Paper Manufacturing Company declared, "the capital stock of this corporation is hereby fixed at the sum of sixty thousand dollars, divided into six hundred shares of one hundred dollars each; twenty-five dollars on each share to be paid at the time of the organization of this corporation, and five dollars on each share in thirty days, five dollars in sixty days, and five dollars in ninety days after said organization. The balance on each share, or any portion of such balance, shall not be called for, unless with the assent of three-fourths of the stockholders, and then only to increase the business of the corporation. The defendant subscribed twenty-five shares, and paid up the installment of twenty-five dollars and the three installments of five dollars each, mentioned in said third section, making a total of forty per cent. of the stock subscribed. The suit was to enforce the payment of the remaining sixty per cent. of the stock for the benefit of the creditors of the corporation. No meeting of the stockholders had ever been held to give their assent to the calling in of the unpaid sixty per cent. of the stock subscribed, nor had such assent been given. The defense was that the sixty per cent. sued for was subscribed and to be paid only according to the terms of the charter, on condition that it should not be called in unless with the assent of three-fourths of the stockholders, and then only to increase the business of the corporation, and that such assent had never been given. The district court charged the jury that there was no liability of the defendant beyond the forty per cent. of his stock paid up, unless the remaining sixty per cent., or some part of it, had been called in by the assent of three-fourths of the stockholders, for the purpose of increasing the business of the corporation. This charge is assigned for error.

J. Ad. Rosier, for plaintiff in error.
L. Madison Day, for defendant in error.

WOODS, Circuit Judge. This is not the case where there has been a subscription of stock, and the by-laws or other regulations adopted by the stockholders or directors prescribe how the subscriptions shall be called in, or the charter itself declares in what installments the directors may call in the stock payments. In such a case, there can be no doubt that the entire stock subscribed, whether called in by the directors or not, is a fund for the satisfaction of the debts of the corporation, and its payment can be enforced. Such regulations only pertain to the administration of the affairs of the corporation. In this case the charter, which was required to be recorded in a public office, and published in a newspaper at the domicile of the corporation, prescribed the installments by which forty per cent. of the stock subscribed should be paid, and then declared that the residue, or any portion thereof, should not be called for unless with the assent of three-fourths of the stockholders, and then only to increase the business of the corporation.

The rule with regard to unpaid subscriptions of stock is this, that whatever sum is subscribed by the stockholders, and held out to the public as the stock of the corporation, is liable to be called in for the payment of its debts, even though the directors may refuse to make the call. Purton v. New Orleans & C. R. Co., 3 La. Ann. 19. The power conferred upon directors to call in installments upon the shares, is a discretionary power; but that discretion is merely modal relating to the time and manner of making payments. When the wants of the company require those payments, it becomes the duty of the directors to cause them to be made, as much so as to require payment of debts due the company. It is not discretionary with the directors to say whether or not the debts of the company shall be paid when they have the power to compel payment. Ward v. Griswoldville Manuf'g Co., 16 Conn. 601. These doctrines are well established. Do they apply to the

case in hand? It is to the charter of a corporation that reference is to be made to determine the rights of the public. Stark v. Burke, 9 La. Ann. 341.

Now, looking at the charter of the Louisiana Paper Manufacturing Company, what was the contract which the public was advised the stockholders had entered into with the corporation? Not to pay their subscriptions absolutely, nor to pay them when, in the discretion of the directors, it might be necessary for the wants of the company. No obligation was assumed to pay any more than forty per cent. of the stock subscribed, unless upon the vote of three-fourths of the stockholders, and then for a particular purpose. Clearly, as between the corporation and the stockholders, the unpaid stock above forty per cent. could not be called in except on the terms prescribed by the charter. The public, the creditors of the corporation, are in no stronger position than the corporation itself, for the charter which informed the public of the amount of the capital stock of the corporation, also gave notice that the stockholders were under no obligation to pay more than forty per cent., except on their own vote, carried by a majority of three-fourths, and for a particular purpose. If the directors had called a meeting of the stockholders to vote on the question of calling in the unpaid sixty per cent. of the stock, and the stockholders had refused their assent, would it have been the duty of the directors, would they have had any power, to call it in, notwithstanding the adverse vote? Clearly, not. Is their duty to call in the stock any clearer, or their power any greater because no such meeting has been called and no such vote taken? The stockholders have made their contract with the corporation, the public have been explicitly advised of its terms, and the stockholders, therefore, can only be held to perform what they have agreed to do. The company can claim no more, nor can the creditors of the corporation say they have been misled.

In my judgment, the stockholders are not liable to pay the unpaid sixty per cent. until the same has been called in by a three-fourths vote of the stockholders, for the purpose of increasing the business of the corporation. Such residue is not due until after such a vote, and the law of this state declares that the stockholder of an incorporated company is only liable to the company for the unpaid balance due to the company on the shares owned by him. The following authorities have been consulted, and tend to sustain the views expressed: Burlington & M. R. R. Co. v. Boestler, 15 Iowa, 555; Penobscot & K. R. Co. v. Dunn, 39 Me. 587; Philadelphia & W. C. R. Co. v. Hickman, 28 Pa. St. 318; Carlisle v. Cahawba & M. R. Co., 4 Ala. 70. It results from these views that there was no error in the charge of the district court. Its judgment is, therefore, affirmed.