B. H. NEWELL, Respondent, *v.* C. H. KEELER, Appellant.

### January 16, 1883.

CONVEYANCES — EVIDENCE. — An instrument of writing absolute on its face conveying personal property, may be shown, by parol evidence, to have been intended as security for money lent.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed*.

ISAAC T. WISE, for the appellant.

J. P. COLBY, for the respondent.

Thompson, J., delivered the opinion of the court.

This was an action brought before a justice of the peace, for a balance of $250 due on an account. The cause was appealed to the circuit court, where a trial was had *de novo*, without the intervention of a jury, and a judgment was rendered in favor of the plaintiff, in the sum of $350.16. No objection was taken in the motion for a new trial, to the amount of the judgment, and that is not in controversy. The only testimony in the case is that of the plaintiff, and the only substantial question to be decided is, whether his testimony warranted the judgment which was rendered. His testimony was, in effect, that the defendant called upon him and solicited a loan of $600, promising to repay it in four or five days. The plaintiff loaned the money to him, upon his promise to repay it at the end of that time. At the same time, or, at least, on the same day, — and there is no doubt that it was a part of the same transaction, — the defendant delivered to the plaintiff a bill of sale of a horse, buggy, harnesses, whip, and lap-robes, which were in a livery stable in the city. This bill of sale was intended merely as a security for the money loaned. It was in the following language : —

" St. Louis, Sept. 15, 1877.

" Received of B. H. Newell, the sum of six hundred dollars, the same being in full of a certain white mare named Kate, including side-bar buggy, single harness, also double harness, including whip, lap-robes, etc., now at Tower Grove stables.

" Chauncey H. Keeler."

The defendant failed to return the money, except $25, though he repeatedly promised to return it, and repeatedly broke his promises. The plaintiff took possession of the property thus conveyed to him, caused it to be sold for what would seem to be fair prices, gave the defendant credit for the money thus realized, charged him with the

amount paid for the keeping of the horse, and for repairing the buggy, voluntarily remitted $53 of the balance, and brought this action for the remainder of the account.

We need not go into the case further. The ground on which we are asked to reverse the judgment is, that parol evidence was incompetent to vary the terms of the instrument of writing above set out, and that the instrument shows on its face, that the personal property in question had been sold absolutely by the defendant to the plaintiff, for $600; and the whole case of the appellant is rested upon the rule that parol evidence is not admissible to vary the terms of a written contract which is unambiguous and absolute on its face. It is true that this is the general rule; but there is an exception to the rule, which is as familiar learning as the rule itself, and that exception is that a deed or other instrument of writing, absolute on its face, conveying real or personal property, may be shown by parol evidence to have been intended merely as a security for money lent. *O'Neill* v. *Capelle*, 62 Mo. 202. This rule is not limited to conveyances of real property. "The question," said LEWIS, J., " whether an instrument, appearing on its face as an absolute transfer, may yet, as between the parties, be treated by the courts as a mortgage upon a proper showing *aliunde*, is no longer open for discussion." *The State to use* v. *Bell*, 2 Mo. App. 103. The appellant's whole contention proceeds in the face of this well-settled exception to the rule. The declarations of law given and refused indicate that the court took the proper view of the law, and, moreover, the judgment which was rendered was the only judgment which could have been rendered upon the testimony in the case. It is accordingly affirmed. All the judges concur.