BENT, RECEIVER, *v.* UNDERDOWN ET AL.

[No. 19,106.   Filed April 23, 1901.]

CORPORATIONS.—*Per Cent. of Stock Subscriptions to be Paid.—Liability of Stockholders.*—An agreement between a corporation and its stockholders that only a certain per cent. of the stock subscribed by each stockholder shall be paid in is binding on the corporation, and the corporation can collect the per cent. specified, and no more. *p. 513.*

CORPORATIONS.—*Per Cent. of Stock Subscriptions to be Paid.—Insolvency of Corporation.—Liability of Stockholders.*—Where the articles of a corporation duly organized, under the manufacturing and mining acts (§§3851-3863 Horner 1897), expressly provide that only fifteen per cent. of each share of stock subscribed shall be paid in by stockholders, and that this provision of the articles cannot be amended or modified except by unanimous consent of all the stockholders, the unpaid portion of the stock is not an asset for the benefit of corporation creditors on its becoming insolvent. *p. 520.*

From the Wabash Circuit Court.   *Affirmed.*

*Alvah Taylor* and *W. G. Sayre,* for appellant.

*C. Cowgill, C. E. Cowgill* and *T. L. Stitt,* for appellees.

MONKS, J.—The Wabash Soap and Chemical Company was organized under the manufacturing and mining acts, §§5051-5063 Burns 1894, §§3851-3862 R. S. 1881 and Horner 1897. It was provided in the articles of association that the capital stock should be $50,000, divided into 500 shares of $100 each. It was expressly provided in said articles that only fifteen per cent. of each share of the stock subscribed should be paid in by the stockholders, and that the provision of the articles of association limiting the liability of the stockholders to pay less than the par value of the stock subscribed should not be amended, modified, or repealed, except by the unanimous consent of all the stockholders. Each stockholder signed and acknowledged the articles of association, and set opposite his name the number of shares taken by him, and the amount in dollars of fifteen per cent. of the par value of said shares. Said articles of association were filed and recorded in the office of the recorder of Wabash county, and a duplicate thereof in the office of the Secretary of State at Indianapolis, as required by law. §5051 Burns 1894, §3851 Horner 1897. Each stockholder paid fifteen per cent. of the par value of the stock subscribed by him as provided in the articles of association. The corporation became indebted, and at the suit of one of its creditors a receiver was appointed, who brought this action against all the stockholders, to recover the re-

maining eighty-five per cent. of the stock subscribed, alleging that said corporation is indebted more than $20,000 for borrowed money, and that there were no assets of said corporation with which to pay the same, except the unpaid subscription for stock, and that the "corporation is insolvent except for said unpaid subscriptions of stock." Appellees' demurrer to the complaint for want of facts was sustained, and appellant refusing to plead further judgment was rendered in favor of appellees. This ruling of the court is assigned for error.

An agreement between a corporation and its stockholders, that only a certain per cent. of the stock subscribed by each stockholder shall be paid in, is binding on the corporation, and the corporation can collect the per cent. specified, and no more. But if such corporation becomes insolvent, such unpaid stock subscriptions are subject to be made assets for the benefit of all creditors who gave credit to the corporation on the faith of its capital stock being paid in full without any knowledge of such agreement. Clark on Corp. §111, pp. 302, 305, 368-370, 372-375, 383, 384, 560-562; 1 Cook on Stock and Stockholders (3rd ed.), p. 49; Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968.

Where, however, the creditor deals with the corporation with the knowledge of the agreement that only a certain per cent. of the par value of each share of stock subscribed is to be paid, he relies only on that amount, and has no equitable right to insist on the collection of any greater sum from the stockholders than the corporation itself could claim as a part of its assets. 2 Morawetz on Corp. §829, 831; Clark on Corp., pp. 369, 383, 384; 1 Beach on Priv. Corp. §119; 23 Am. & Eng. Ency. of Law, 863; 2 Thompson on Corp., §1630; First Nat. Bank v. Gustin, etc., Co., 42 Minn. 327, 44 N. W. 198, 6 L. R. A. 676, 679, 680; Hospes v. Northwestern, etc., Co., 48 Minn. 174, 31 Am. St. 637, 15 L. R. A. 470; Coit v. North Carolina, etc., Co., 14 Fed. 12; Kenton, etc., Co. v. McAlpin, 5 Fed. 737; Ada-

*mant, etc., Co.* v. *Wallace,* 16 Wash. 614, 48 Pac. 415; *Callanan* v. *Windsor,* 78 Iowa 193, 42 N. W. 652; *State Trust Co.* v. *Turner* (Iowa), 82 N. W. 1029; *Walburn* v. *Chenault,* 43 Kan. 352, 23 Pac. 657; *Young* v. *Erie Iron Co.,* 65 Mich. 111, 128, 31 N. W. 814; *Carp* v. *Chipley,* 73 Mo. App. 22, 36; *Ditch Co.* v. *Moffitt,* 58 Neb. 642, 79 N. W. 560, 45 L. R. A. 647, 76 Am. St. 122, note on pp. 134, 135; see, also, *Carnahan* v. *Campbell,* (Ind. Sup.) 59 N. E. 1054.

It is said in Morawetz on Corp. (2nd ed.), §831: "It is clear, however, that creditors can have no equitable right against shareholders to insist on the contribution of a greater amount of actual capital than the charter provides that they shall contribute, although this may not equal the full amount of the company's nominal capital. Persons dealing with a corporation must take notice of the terms of its charter, and if the charter by its terms shows that the company's nominal capital does not indicate the amount of real capital which ought to have been contributed or subscribed, it is evident that they have no right to expect the amount of the nominal capital as security. Hence, if the charter or laws under which a corporation was organized provide that the company may issue or sell its shares as fully paid up, on payment of less than their par amount into the company's treasury, creditors would have no equitable right to insist on having the shares paid up at par." *Louisiana Paper Co.* v. *Waples,* 3 Woods 34.

The charter of a corporation formed under a general law consists of its articles of association and the law under which it is organized. 1 Cook on Stock & Stockholders, §§2, 9; *People* v. *Chicago Gas Trust Co.,* 130 Ill. 268, 22 N. E. 798; 1 Morawetz on Corp. (2nd ed.), §318.

It is manifest from the authorities cited that the agreement contained in the articles of association, that only $15 should be paid on each share of stock (the face value of a share of stock being $100) and that this agreement could

only be modified, amended, or repealed by the unanimous consent of the stockholders, was binding upon the corporation and stockholders. *Louisiana Paper Co.* v. *Waples,* 3 Woods 34. This provision was contained in the section of the articles of association which fixed the amount of the capital stock and the number of shares into which the same was divided. No obligation was assumed to pay more than fifteen per cent. of the stock subscribed, being $15 on each share.

The public and creditors of the corporation are in no stronger position, under the authorities cited, to collect the eighty-five per cent. of the stock remaining unpaid than the corporation itself, for the articles of association which informed the public of the amount of the capital stock of the corporation also gave notice that the stockholders were under no obligation to pay more than $15 on each share of the stock subscribed, and that said restriction could only be modified, amended, or repealed by the unanimous consent of all the stockholders. The stockholders made this contract with the corporation, and the public were advised of the same by the articles of association, which were recorded as required by law in two public offices in this State. As the stockholders have paid all they agreed to pay, the corporation can claim no more. The creditors being fully advised of said contract between the corporation and the stockholders by the public records in the office of the recorder of Wabash county, and of the Secretary of State at Indianapolis, did not give the corporation credit on the faith of the capital stock being paid in full, but relied upon the part the stockholders agreed to pay. As this has been paid, the creditors can recover no more from the stockholders. Judgment affirmed.