## State, ex rel. Ross, *v.* Anderson.

[No. 4,645. Filed April 22, 1903.]

CORPORATIONS.—*Elections.*—*Right of Stockholder to Vote.*—The provision of §3425 Burns 1901, that each stockholder shall have one vote for each share owned and held by him for ten days previous to the meeting of the corporation, and of §5055 Burns 1901, that each share shall entitle the owner to one vote, are not merely directory, but are express reservations from granted powers, securing to the stockholder an important and valuable right. *pp. 38–46.*

SAME.—*Officers.*—*Election.*—Provisions in the articles of association of a corporation, organized under the statute of this State regulating the organization of manufacturing and mining companies, that the affairs of the association shall always be managed by a certain named board of directors, unless they shall become incapacitated, resign or die, and that certain named persons shall

hold the other offices of the company so long as they shall remain shareholders, unless they shall become incapacitated, resign or die, are in contravention of the statute providing for the annual election of officers, and are inoperative and void. *pp. 38–46.*

From Randolph Circuit Court; *A. O. Marsh*, Judge.

Action by the State, on the relation of Melissa J. Ross, against Edwin A. Anderson. From a judgment in favor of defendant, relatrix appeals. *Affirmed.*

*Theodore Shockney* and *J. A. Shockney*, for appellant.
*J. S. Engle, F. S. Caldwell* and *W. G. Parry*, for appellee.

BLACK, P. J.—In a verified complaint or information on the relation of Melissa J. Ross against Edwin A. Anderson, the appellee, it was claimed that he had usurped her office of director of a corporation organized under the laws of this State, the Ross Carriage Manufacturing Company, and also her office of bookkeeper of that company; and the appellant sought a decree declaring the establishment of the right of the relatrix to each of said offices, and a judgment for damages for being kept out of them. The appellant's demurrer to the answer of appellee was overruled, and this ruling is alone assigned as error.

The answer showed: That the company was organized as a corporation, pursuant to the statutes of this State, regulating the organization of manufacturing and mining companies, October 23, 1899, and thereafter had been, and still was, doing a manufacturing business at Union City, Indiana; that at its organization the stockholders adopted articles of association, and among the articles those numbered five and six are as follows: "Article 5. The prudential affairs of this association shall always be managed by a board of directors to consist of Edwin A. Anderson, Oliver M. Downard, George W. Ross, and Melissa J. Ross, unless they shall become incapacitated, resign, or die; in either of which events the successor or successors shall be elected from among the stockholders of said association on

the first Monday in October in each year, by the holders of the corporate stock of said association, each holder being entitled at such election to one vote for every share so owned or controlled by such stockholder; except that in the absence of said George W. Ross, or in the event of his incapacity or death, and in either of such events, Melissa J. Ross, one of the subscribers hereto, if she shall at the time be a stockholder in this company, shall fill the vacancy and perform the duties for and instead of said George W. Ross. Article 6.  George W. Ross shall be the president of the board of directors, Edwin A. Anderson shall be the secretary of said board, Oliver M. Downard shall be the treasurer of said board, and Melissa J. Ross shall be the vice-president thereof and in addition thereto shall keep the books of said association.  Each of said persons shall hold said office and offices so long as they shall remain shareholders in said association, unless they shall become incapacitated, absent themselves from the business, resign, or die; in either of which events their successor or successors shall be elected thereafter from among the stockholders of said association on the first Monday in October, in each year, by the board of directors of said association; except that in the absence, incapacity, resignation, or death of the said George W. Ross, one of the subscribers hereto, Melissa J. Ross, in either of such events, shall, if she be a stockholder in said association at the time, fill the vacancy and perform the duties of said office in place of and instead of said George W. Ross.  The duties of said offices shall be the same as are usually imposed on like officers of similar corporations, but the vice-president shall, in addition to the other duties of her office, be the bookkeeper of this association and keep the books thereof," etc.—the remainder of this article relating to the meetings of the board of directors.

It was alleged that at the organization of the company the persons so named in the articles as directors, including

the relatrix, were selected and named as the directors of the company, and became and constituted its board of directors by virtue of the provisions of said article five, and not otherwise, and so continued until October 7, 1901, the first Monday of that month; and they were at no time prior to that date elected or selected as directors, except by and under the provisions of said article five, and by causing their names to be inserted in that article at the organization of the company; that the persons named as president, secretary, treasurer, vice-president, and bookkeeper at that organization assumed the duties of their said respective offices, and they continued to discharge such duties until October 7, 1901, under and by being so named in that article, and they were not selected or elected to such offices prior to that date, except by and under the provisions of that section and by causing their names to be inserted therein as incumbents of such offices; that there was not, and had not been, in the articles of association, by-laws, rules, and regulations of the company any provisions for an annual or other meeting of the stockholders of the company except the provisions of said sections five and six; that there was no annual or other meeting of the stockholders on the first Monday of October, 1900, and no successors of the members of the board of directors were then chosen or elected by the stockholders. It was alleged that on the first Monday in October, 1901, pursuant to notice duly and legally given to each and all of the stockholders, a regular annual meeting of the stockholders was held at the principal office of the company, at which all the stockholders representing all the stock and owning and holding all the stock attended. The answer then showed in detail and at length the election by the stockholders at this meeting of four directors for the ensuing year, the number provided for by the articles of association and by-laws, each person so elected receiving votes representing a majority of the shares of stock; that the members of the original board

State, *ex rel.*, *v.* Anderson.

were thus elected except the relatrix, instead of whom the appellee was elected, he being then and since that time a stockholder and eligible to the office; and the pleading further set forth at length the fact of the election by the board of directors of the executive officers, the relatrix not being one of them, but the appellee being so elected as secretary and bookkeeper, and that he was exercising the functions and duties of a director and of secretary and bookkeeper pursuant to these elections and under the authority thereof.

The relatrix depends upon the provisions of articles five and six of the articles of association in asserting a right to continue in the office of director and in the so-called office of bookkeeper; while the appellee bases his defense upon his election to the office of director at the annual meeting of the stockholders, he being eligible, and upon his election as secretary and bookkeeper by the board of directors. Therefore the dispute relates to the question as to the effectiveness or binding force of those articles.

Assuming the validity and obligatory force of article five would imply that the persons named therein as directors would continue to constitute the board of directors, and the affairs of the association would continue to be managed by such board always, unless they should become incapacitated, resign, or die, the election of a successor to any of them by the stockholders being authorized only in case of incapacity, resignation or death, such election of successors, if any, to be on the first Monday of October, annually, except, however, that if George W. Ross, one of such directors, should be absent, or should become incapacitated, or should die, the relatrix, another one of such directors, if then still a stockholder, should fill the vacancy and perform the duties of George W. Ross, in addition to her own duties. Though by transfers of shares of stock the original directors should come to be the owners of a minority of the stock, and become obnoxious to the owners of the majority of the shares, they would still continue always to be directors and as such to

control the affairs of the company, except those of them who should become incapacitated, or resign or die, except, further, that the absence or incapacity or death of George W. Ross would not furnish occasion for the election of a successor, but would devolve the duties of two directors upon the relatrix. Substantially the same provisions were made by section six, relating to the executive officers of the corporation, as those made by section five, relating to the members of the board of directors; the successors, if any, of such executive officers to be elected annually by the board of directors, except in the case of the presidency, a vacancy in which would devolve its duties on the relatrix if she were still a stockholder.

The possible results of such provisions need only be suggested to justify condemnation on the grounds of their unfairness and impolicy. The corporation derives its existence, powers, duties, and obligations from the statutes alone, the express laws of the State. Not only is it confined to the objects and purposes of its creation, but the instrumentalities and methods by which it performs its functions must not be in conflict with its fundamental statutory authority. Those who undertake its organization may not select for their observance only such provisions of law as seem to them to suit their purposes, rejecting or ignoring other statutory requirements, and substituting plans and methods of organization, regulation, or operation not within the intention of the legislature. The State, acting within its authority, having tendered the privileges and immunities of the corporation, and having prescribed the conditions and limitations under which they may be obtained and enjoyed, those who accept the privileges and immunities must be regarded as agreeing and obligating themselves to conform to the conditions and limitations expressed or fairly implied. If, in their organization of a corporation, the existence of which is authorized and provided for by statute, they insert in their articles of associ-

ation provisions not in agreement with the statutes of whose provisions they thus seek to avail themselves, they can not, as to such conflicting provisions, be regarded as accepting the State's tender, but must be considered as attempting to such extent to substitute their own counter propositions as to the matters to which such provisions relate. If they may be regarded as having so far complied with legal requirements as to have organized a corporation under the statutes, the corporation must be considered as governed by the statutory requirements, rather than by such inconsistent provisions of the articles of association.

Among the provisions relating to corporations generally in this State are the following: "Corporations shall, when no other provision is specially made, be capable  *  *  * to elect, in such manner as they shall determine, all necessary officers,  *  *  *  determine the  *  *  * number of shares that shall entitle the members to one or more votes (provided, each stockholder shall have one vote for each share owned and held by him for ten days previous to the meeting of the corporation),  *  *  *  and the tenure of office of the several officers." §3425 Burns 1901. Beginning with §5051 Burns 1901, other provisions are specially made for manufacturing and mining companies —corporations such as that here in question. It is provided by that section that persons desiring to form a company for such purpose shall prepare and file, as therein directed, "a certificate in writing, which shall state  *  *  *  the number of directors and their names who shall manage the affairs of such company for the first year," etc. In §5054 Burns 1901 it is provided that the directors of such a corporation, "after one year from the organization of the company, shall be elected by the stockholders annually; and the directors thus chosen, or first appointed, shall elect the president thereof." By the next section (§5055) it is provided that "The directors of such company shall annually elect a secretary and treasurer.  *  *  *  Absent stockholders

may vote by proxy, and each share of stock shall entitle the owner thereof to one vote." Thus it is expressly required that the certificate or articles of association shall state, among other things, the number and names of the directors to manage the affairs of the company for the first year. A statement of the names of directors to manage the affairs of the company always is, of course, in plain disagreement with this statutory requirement. The persons who effectually organize such a corporation thereby subject themselves, as members thereof, to the provisions specially made for such a corporation, that after one year from the organization the directors shall be elected by the stockholders annually; that the directors shall elect a president, and shall annually elect a secretary and treasurer; and that in the election in which the stockholders thus have a right to participate—the election of directors—each share of stock shall entitle the owner thereof to one vote.

The appellee, by his answer, does not attack, as counsel for appellant seem to suppose, the existence of the corporation. Both parties assume and rely upon the actual existence of the corporation, in which each of them is claiming the right to exercise official functions. The proposition urged by the appellant that, where the law authorizes a corporation, and there is an effort in good faith to organize a corporation under the law, and thereupon, as a result of such effort, corporate functions are assumed and exercised, the organization becomes a corporation *de facto,* and as a general rule the legal existence of such a corporation can not be inquired into collaterally, although some of the required legal formalities may not have been complied with, and that ordinarily such an inquiry can only be made in a direct proceeding, brought in the name of the State (*Hasselman* v. *United States Mort. Co.,* 97 Ind. 365, 368), is well enough supported by authority; but it seems not to be applicable to the controversy between the parties in this case. The controversy here is rather whether the action

of the corporation in the election of its directors and executive officers in conformity to the positive requirements of the statutes concerning such matters should be set aside by the courts in behalf of one stockholder because such conduct is not in agreement with the provisions in the articles of association which conflict with such statutory requirements. To sustain the claim of appellant would seem to accord to the organizers of the corporation greater power than the sovereign by whose will alone it exists and enjoys its privileges and immunities.

The general statute under and by virtue of which a private corporation is organized must be regarded as entering into and constituting a part of the articles of association, through which, together with the statutes authorizing such association, it comes into existence and has power to act as a body politic and corporate; and it is a reasonable doctrine that when matter is introduced into such articles, which is not authorized by the enabling statute, it constitutes no part of the charter of the corporation, but should be rejected as surplusage, except where it may be treated as a by-law. "The charter of a corporation formed under a general law consists of its articles of association and the law under which it is organized." *Bent* v. *Underdown,* 156 Ind. 516.

In *O'Brien* v. *Cummings,* 13 Mo. App. 197, quoted in Thompson, Corporations, §216, it was said: "The general statute (R. S., Ch. 21), when aroused into specific operation by a compliance with its terms on the part of an association of persons and capital, unites itself with the terms and details of such a compliance; the law and the articles of association become, as it were, the compact between the state and the association, and this constitutes a charter of the body politic. \* \* \* But no provision in the articles, which is not responsive to some specification in the law, can have any such force or effect. Such a provision, not called for by the law, will be a mere voluntary

proposal from the association. It will be lacking in the essential elements of a compact, will derive no operative energy from the statute, and can have no claim to the dignity or effectiveness of a charter regulation." In that case there were in the articles a limitation as to the number of shares which a stockholder might own, and a limitation on the right of transfer of stock, but the statute contained no provisions for the statement of such matters in the articles. It was held, that such provisions of the articles (which were not repugnant to a statute, but were not responsive to any specification of the statute) had no greater force than that of corporate by-laws. See, also, *Sherman Center Town Co. v. Morris,* 43 Kan. 282, 23 Pac. 569, 19 Am. St. 134; Thompson, Corporations, §1015.

In Cook, Corporations (5th ed.), §4, it is said that the law is clear that the articles of association of a corporation organized under a general act are allowed to contain only those matters and statements which are required by the statute itself, and the incorporators are not at liberty to insert additional provisions and regulations; and, if such additional provisions and regulations are inserted, they are void. "The law," it is said, "does not recognize them. They do not constitute a part of the charter, but are rejected as surplusage and extraneous matter. If the articles of association contain the matters required by the statute and also contain additional matters, the former are sufficient to sustain the charter, and the additional matter does not violate the legitimate part of the articles, but the additional matter is disregarded by the law as though it had not been written. All of the decisions hold that any statements or restrictions inserted in the articles of association, outside of the statements required by the general act allowing the incorporation, are unauthorized and void." See 7 Am. & Eng. Ency. Law (2d ed.), 654; *Oregon R., etc., Co.* v. *Oregonian R. Co.,* 130 U. S. 1, 29, 9 Sup. Ct. 409, 32 L. Ed. 837; 12 Am. R. & Corp. Rep., 498, note 30. Powers

other than those authorized by the general act can not be placed in the articles of incorporation. *People, ex rel., v. Chicago Gas Trust Co.,* 130 Ill. 268, 22 N. E. 798, 8 L. R. A. 497, 17 Am. St. 319. By-laws being continuing or permanent rules in accordance with which the corporate affairs on all occasions to which their provisions relate are to be conducted, they must not be in conflict with the charter; and when, by their terms, they do so conflict, the charter prevails. They must be reasonable, and "must not interfere with the vested and substantial rights of the stockholders; and they must not be contrary to public policy or the established law of the land." They can not modify the articles of incorporation in any of the particulars required by statute to be stated in the articles of incorporation. Cook, Corporations (5th ed.), §4a; *Guinness v. Land Corp. of Ireland,* L. R. 22 Ch. Div. 349. A by-law which limits or regulates the corporate powers which the charter confers on the directors may be disregarded by them. *Union Mut. Fire Ins. Co. v. Keyser,* 32 N. H. 313, 64 Am. Dec. 375. No by-law is valid which either enlarges or restricts the rights and powers conferred by the charter or governing statute. Thompson, Corporations, §1011. When the charter gives the stockholders the power to elect the directors, the corporation can not, by a by-law, take away this power. Thompson, Corporations, §1012; *Brewster v. Hartley,* 37 Cal. 15, 99 Am. Dec. 237. A by-law restricting the right of members of a church to vote as authorized by statute was void. *People, ex rel., v. Phillips,* 1 Denio 388. A by-law, if divisible, may be good in part, though invalid in another part. *Amesbury v. Bowditch Mut. Fire Ins. Co.,* 6 Gray (Mass.) 596; *Rogers v. Jones,* 1 Wend. (N. Y.) 237, 19 Am. Dec. 493. So, a provision inserted in the articles of association which is in conflict with the requirements of the enabling statute can not be applied either as a part of the charter or as a by-law.

We can not agree that the proviso of §3425 Burns 1901, that each stockholder shall have one vote for each share owned and held by him for ten days previous to the meeting of the corporation, or the provision of §5055, *supra,* that each share shall entitle the owner to one vote, is merely directory. The proviso is an express reservation or exception from granted powers, and each of these statutes secures to the stockholder, as such, an important and valuable right, to deprive him of which would be plainly contrary to the positive provisions entering affirmatively into the organic law of the corporation. Though under the provisions of §5055, *supra,* all officers of a manufacturing company shall serve until their successors are elected and qualified, yet the provisions of this and the next preceding section that the directors, after one year from the organization, shall be elected by the stockholders annually, and that the directors thus chosen or first appointed shall elect the president, and that the directors shall annually elect a secretary and treasurer, are provisions which may not be successfully evaded by contrary provisions in the articles of association or the by-laws, and such contrary provisions may properly be ignored, and elections held in conformity to the statute may not be set aside because of such contrary provisions in the articles or by-laws. Though by statute (§5055 Burns 1901) voting by proxy is authorized, yet the right so to vote is conferred on absent stockholders (and a proxy is always revocable, Cook, Corporations, 5th ed., §622e), and at every election by stockholders each share entitles the owner thereof to one vote. Articles of association, though entered into by all the organizers, can not, nor can a by-law of the corporation, take away from any stockholder this right to vote his shares of stock, in person or by his proxy, at all future elections by the stockholders; otherwise the voting power, connected by statute with the ownership of each share of stock, might

be permanently separated. See *Brewster* v. *Hartley, supra;* Cook, Corporations (5th ed.), §622.

The devices by which the organizers of the corporation sought, in articles five and six, to tie up and permanently attach to themselves the control of the affairs of the corporation, regardless of the rights of the owners of the majority of the stock, must be held to be inoperative and void so far as they contravene the statutes under which the corporation exists and operates. As between the parties to this action, the persons named in the articles as the members of the board of directors were thereby made directors for one year, and until their successors were elected and qualified; but the provision that they should be the directors always was void, and their successors, elected in accordance with the statute, were entitled to exercise the functions of such office, and to elect the executive officers, including the appellee.

Judgment affirmed.