FRANK B. JOHNSTON and HARRY F. TATE,

*vs.*

AUTOMATIC STEEL PRODUCTS, INC., a corporation of the State of Delaware, WENDELL HERBRUCK, WALTER J. LORIA and EUGENE A. TRACEY, as purported Directors of Automatic Steel Products, Inc.

*New Castle, July 30, 1948.*

*Clarence A. Southerland* and *David F. Anderson,* of the firm of Southerland, Berl & Potter, for plaintiffs.

*Arthur G. Logan,* of the firm of Logan, Duffy & Boggs, for defendants.

SEITZ, Vice-Chancellor: The critical point is the validity of a corporate bylaw which authorizes the encumbent directors to fill newly created directorships.

Plaintiffs as stockholders of the defendant corporation Automatic Steel Products, Inc. (hereinafter called the "Corporation") bring this action under *Section* 31 of the *General Corporation Law, Rev. Code* 1935, § 2063, to determine whether the three individual defendants were duly elected directors of the Corporation.

On June 23, 1948, a meeting of the board of directors of the Corporation was held at which all nine of the then duly elected directors were present. At this meeting the directors adopted a resolution amending the bylaws by increasing the number of directors from nine to twelve. The legality of this action is not contested. Thereafter, at the same board meeting five of the nine directors purported to elect the three individual defendants to fill the newly created directorships. The minority of four directors voted against such election and protested the vote on the ground that the action taken by the majority of the directors was illegal and invalid.

Plaintiffs pray that the election of the three individual defendants Herbruck, Loria and Tracey at the directors' meeting of June 23, 1948, be declared invalid, and that a perpetual injunction issue enjoining them from acting as such directors. The defendants have filed a motion to dis-

miss the complaint for failure to state a claim upon which relief can be granted. This is the decision on the motion.

The validity of the action whereby the number of directorships was increased from nine to twelve is not in dispute. It is contended, however, that the action of the majority of the incumbent directors in attempting to elect directors to fill the newly created offices was illegal and invalid. In order to resolve this contention it is first necessary to examine the language of Article II, Section 10 of the bylaws insofar as here pertinent. It provides:

> "SECTION 10. *Vacancies.* Any vacancy in the Board of Directors caused by death, resignation, removal, disqualification, an increase in the number of Directors, or any other cause may be filled by the majority vote of the remaining Directors, even though less than a quorum, at any meeting, or by the stockholders of the Corporation at the next annual meeting or any special meeting called for the purpose and each Director so elected, shall hold office for a term to expire at the next annual election of Directors, and until his successor be duly elected and qualified, or until his death or until he shall resign or shall have been removed in the manner herein provided. * * *"

Article II, Section 10 designates a directorship created by an increase in the number of directors as a "vacancy". Since in my opinion the present bylaw, if valid, authorized the action taken by the directors, we are squarely faced with the question of the power of the stockholders to adopt or to authorize the directors to adopt[1] a bylaw which gives incumbent directors the right to fill newly created directorships.

Plaintiffs contend that such a by-law is illegal under the Delaware Corporation Law, while the defendants urge that it is a perfectly reasonable and proper bylaw provision. The parties concede that the precise point for decision appears to be without precedent in the United States.

---

[1] It does not appear whether the stockholders adopted the provision of Section 10 of the by-laws, or whether the directors adopted it pursuant to delegated power. The point is not important here.

*Section* 30 of the *General Corporation Law, Rev. Code* 1935, § 2062, so far as pertinent provides:

"All elections of directors shall be by ballot, unless otherwise provided in the Certificate of Incorporation. The first meeting for the election of directors at which meeting any business may be transacted shall be held at any place either within or without this State fixed by a majority of the incorporators in a writing signed by them, and thereafter the said directors shall be elected at the time and place within or without this State named in the by-laws, and which shall not be changed within sixty days next before the day on which the election is to be held. A notice of any change shall be given to each stockholder twenty days before the election is held, in person or by letter mailed to his last known postoffice address.

"Vacancies shall be filled by a majority of the remaining directors, though less than a quorum, unless it is otherwise provided in the Certificate of Incorporation or the by-laws and the directors so chosen shall hold office until the next annual election and until their successors shall be duly elected and qualified, unless sooner displaced; provided, however, that, if the remaining directors shall constitute less than a majority of the whole Board, upon application of any stockholder or stockholders holding at least ten per cent (10%) of the total number of shares of the capital stock of the corporation at the time outstanding having the right to vote for directors, the Chancellor may in his discretion, summarily order an election to be held to fill any such vacancy or vacancies or to replace the director or directors chosen by the remaining directors as aforesaid, * * *."

As I construe *Section* 30 of the *General Corporation Law* it grants to stockholders with voting rights the right to vote for the election of all directors, except for the limited modification in the case of vacancies.[2] This court in *Moon v. Moon Motor Car Co.,* 17 *Del. Ch.* 176, 151 *A.* 298, only limited the application of *Section* 30 to annual meetings in its "time aspects". It was not otherwise limited. In *Duffy v. Loft, Inc.,* 17 *Del. Ch.* 140, 151 *A.* 223, affirmed 17 *Del. Ch.* 376, 152 *A.* 849, this section was construed to grant to the stockholders the right to vote for directors

[2] The power of the incorporators under *Section* 8 of the *General Corporation Law, Rev. Code* 1935, § 2040, to elect the original directors is, of course, excluded. So also are the non-stockholder security holders mentioned in *Section* 29, *Rev. Code* 1935, § 2061.

at the annual meeting. However, that case did not purport to say that voting rights given to the stockholders by *Section 30* were limited to annual meetings.

Defendants suggest that this problem must be considered apart from *Section 30* because of the decision in *Moon v. Moon Motor Car Co., supra.* That case involved the right of the stockholders to elect directors to fill newly created directorships between annual meetings. The court said that the stockholders had the inherent power to elect such directors. As I read that opinion, I believe the court proceeded on the assumption that the stockholders had the right *to vote* for all directors and only considered whether they could exercise that voting right between annual meetings to elect such directors. So viewed, the case does not state that the sheer right to vote for such directors is not granted by *Section 30.* The opinion holds only that *Section 30* does not supply the power to elect such directors between annual meetings.

I conclude that *Section 30* grants to the stockholders having voting rights the right *to vote* for the election of directors, including those elected between annual meetings to fill newly created directorships. I feel that this power must remain as it is granted unless some contrary statutory authority is shown to exist. Compare *Brewster v. Hartley,* 37 *Cal.* 15, 99 *Am. Dec.* 237; *State v. Anderson,* 31 *Ind. App.* 34, 67 *N.E.* 207; 19 *C.J.S., Corporations,* § 716b. I reach this conclusion because by dealing with "vacancies" in *Section 30* the statute may be fairly construed to mean that the voting power granted the stockholder is otherwise unalterable under the present circumstances. Moreover, the implications of a contrary construction are such that I believe any doubt should be resolved against it.

Since this court has either stated or assumed on several occasions[3] that the "vacancies" provision of *Section 30* does

[3] *Moon v. Moon Motor Car Co.,* 17 *Del. Ch.* 176, 151 *A.* 298; *McWhirter v. Washington Royalties Co.,* 17 *Del. Ch.* 243, 152 *A.* 220; *Gow v. Consolidated Coppermines Corporation,* 19 *Del. Ch.* 172, 165 *A.* 136.

not encompass newly created directorships, and since no other section of the *Corporation Law* appears to permit the delegation of the voting right involved, it is my conclusion that the right granted the stockholders to vote for the election of directors to fill new directorships may not be delegated by the stockholders. It follows that the present bylaw to the extent that it purports to delegate such power is invalid.

I conclude for purposes of the motion to dismiss that Article II, Section 10 to the extent that it purports to authorize the incumbent directors to fill newly created directorships is invalid and the action taken thereunder at the directors' meeting of June 23, 1948, whereby Wendell Herbruck, Walter J. Loria and Eugene A. Tracey were elected by a majority of the incumbent directors to fill the newly created directorships was consequently invalid. The motion to dismiss is denied.

An order accordingly will be advised on notice.